IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRIANN T. MILLS** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 20-1272 |
| | : | |
| **AFSCME DISTRICT COUNCIL 33**, *et al.* | : | |
| | : | |

# MEMORANDUM

**KEARNEY, J.**                                                                                                                                       **July 7, 2020**

The City of Philadelphia promoted Briann T. Mills to a position of a Street Crew Chief subject to a six-month probationary period after almost four years of working as a laborer for the Sanitation Division of the Streets Department. The City cited him three times in the first six weeks of the probationary position for performance issues. It then terminated his promotion and returned him to his laborer position. He attempted to grieve his rejection during probation, but the union refused to grieve on his behalf. He did not move to compel arbitration under a collective bargaining agreement. Mr. Mills instead sued the City alleging deprivation of due process and equal protection, and his union for lack of fair representation. We twice granted the City's motions to dismiss. In his third attempt, Mr. Mills now claims the City breached the collective bargaining agreement with his union under the Labor Management Relations Act failed to adequately represent him. The City moved to dismiss this claim before Mr. Mills served the union. As Mr. Mills now concedes, both Congress and our Court of Appeals direct a political subdivision like the City is not an employer under the Labor Management Relations Act. The issue is whether we still enjoy limited subject matter jurisdiction over a claim against the City for breach of a collective bargaining agreement and over a claim against his union for failure to adequately represent him. We do not. We dismiss Mr. Mills's case as we lack subject matter jurisdiction.

I.     **Alleged facts**

The City of Philadelphia employed Briann T. Mills with the Sanitation Division of its Streets Department beginning in November 2014. He became of a member of the bargaining unit under a collective bargaining agreement between the City and his local union. He does not plead the terms of this Agreement.

Shortly before his fourth work anniversary, the Department promoted Mr. Mills to the position of Streets Crew Chief II subject to a six-month probationary period.[1] He began his first day of work in this probationary position on October 10, 2018, with the probationary period ending April 8, 2019.[2]

The City noted three performance issues over the first six weeks of his probationary period: on November 8 and November 17, 2018, he failed to pick up trash on two different streets and on November 21, 2018, the Streets Department's Quality Control Unit photographed Mr. Mills committing a safety violation by placing bags of trash in the middle of a divided highway.[3]

On December 20, 2018, Mr. Mills's supervisor signed a "rejection during probation," citing the November 8, 17, and 21 incidents, as well as other performance issues, as reasons for rejecting the probation.[4] On January 3, 2019, the City formally notified Mr. Mills he lost his probationary position as Streets Crew Chief II and he could return to his previous position as a laborer.[5] Mr. Mills alleges the City's characterization of his demotion as a rejection during the probationary period under the City's Civil Service Regulations is "arbitrary, capricious, in bad faith, inconsistent with the facts and circumstances surrounding the [sic] indifferent to Mills's property right in the Streets Crew Chief II position, and intended to cause Mills harm."[6]

On January 8, 2019, Mr. Mills appealed the City's decision to its Civil Service Commission.[7] The Civil Service Commission responded to Mr. Mills's appeal on February 6, 2019

"an employee who is rejected during the probationary period does not have the right to appeal to the Civil Service Commission against such action. … Accordingly, your appeal is rejected."[8] Mr. Mills then contacted Local 427 to file a grievance on his behalf against the City, but Local 427 refused to do so.[9] He did not seek to compel Local 427 to arbitrate its failure to grieve his claim.

Mr. Mills sued the City and AFSCME District Council 33 in the Philadelphia Court of Common Pleas on New Years' Eve 2019 alleging, *inter alia*, the City's demotion violated his right to substantive and procedural due process under the Fourteenth Amendment of the federal constitution and the Pennsylvania Constitution. The City removed asserting Mr. Mills' claims under 28 U.S.C. § 1983 invoke our federal question jurisdiction under 28 U.S.C. § 1331.[10] The City then moved to dismiss the complaint or for a more definite statement.[11] We granted the City's motion for a more definite statement and gave Mr. Mills leave to file an amended complaint.[12]

Mr. Mills filed an amended complaint asserting due process and equal protection claims against the City.[13] The City moved to dismiss the amended complaint arguing his due process claim must be dismissed with prejudice because Mr. Mills does not have a property interest in a probationary position, and he failed to state an equal protection claim. We granted the City's motion dismissing Mr. Mills's due process claims and class-of-one equal protection claim against the City but granted him leave to timely amend to plead claims not dismissed with prejudice including a potential equal protection claim not based on a class-of-one theory.[14]

Mr. Mills filed a second amended complaint abandoning his constitutional claims under section 1983 and alleging the City's liability under the Labor Management Relations Act, 29 U.S.C. § 185 gives us jurisdiction over his complaint.[15] Mr. Mills now alleges the City breached its collective bargaining agreement with the union when it "demoted" him and Local 427 breached its duty of fair representation in violation of Section 301 of the Labor Management Relations Act.

Mr. Mills does not attach the collective bargaining agreement or allege which section of the collective bargaining agreement he believes the City breached. He alleges "[i]mplicit in the collective bargaining agreement … is the requirement that the City adhere to the Civil Service Regulations in making employment decisions with respect to union employees."[16] Mr. Mills alleges the City's decision to remove him from the Crew Chief probationary position and reject his administrative appeal is arbitrary, capricious, and intended to cause him harm.[17] He contests the basis of the City's decision, alleges the City violated its Civil Service Regulations, retaliated against him, and demoted him in favor of a friend and uncle of his supervisor, all of which deprived him of the opportunity to prove his ability to perform in his new role and the ability to dispute his alleged demotion.[18]

## II.     Analysis

The City moves to dismiss the second amended complaint making two arguments: (1) as only the union can bring a grievance to arbitration, Mr. Mills does not have standing to bring a claim for breach of the collective bargaining agreement; and (2) to the extent Mr. Mills intends to bring a claim under the Labor Management Relations Act, it fails because the City is a political subdivision of the Commonwealth and is specifically excluded from the Act. [19]

In response, Mr. Mills concedes the City is not subject to the Labor Management Relations Act.[20] Although this is the alleged basis of our jurisdiction, Mr. Mills nevertheless argues he has standing to bring a breach of the collective bargaining agreement because the portion of the agreement attached to the City's motion to dismiss does not apply to probationary employees. He does not explain how we continue to exercise jurisdiction if the Labor Management Relations Act is not applicable and appears to suggest he has standing to bring a common law claim for breach of the collective bargaining agreement.

Mr. Mills, Local 427, and the City are non-diverse parties, so there is no basis for diversity jurisdiction under 28 U.S.C. § 1332. Mr. Mills must demonstrate his claim is governed by federal law to remain within our limited subject matter jurisdiction.

### A.     Mr. Mills cannot sustain a breach of collective bargaining agreement claim.

In his second amended complaint, Mr. Mills invoked the Labor Management Relations Act as the sole source of federal question jurisdiction over his claims against the City of Philadelphia and Local 427. The City first argues Mr. Mills lacks standing to enforce the terms of the collective bargaining agreement and, under the terms of the agreement, he may only pursue a breach of the agreement through the grievance and arbitration procedure.[21]

The City's standing argument is misplaced and ignores the fulsome body of law allowing an employee to bring a "hybrid" claim under section 301 of the Labor Management Relations Act. While the typical remedy for unionized employees under the Act is to exhaust arbitration procedures available to them, an employee may bring a claim against his employer alleging breach of the collective bargaining agreement together with a claim against his union alleging breach of the duty of fair representation as a "hybrid" claim under section 301 of the Act.[22] "In the 'hybrid' suit, the plaintiff will have to prove that the employer breached the collective bargaining agreement to prevail on the breach of duty of fair representation claim against the union, and vice versa,"[23] and neither claim can be brought alone by an employee under the Act.[24] Without the employer having committed a wrong, there is no aggrieved employee entitled to fair representation by the union; and without the union having neglected its duty to represent its member, the typical arbitration or administrative remedies provided for in the collective bargaining agreement are still available to the aggrieved employee.[25] "[T]he two claims are inextricably interdependent,"[26] and Mr. Mills cannot pursue a claim under section 301 against Local 427 alone.

Mindful of this obligation for a hybrid claim, Mr. Mills alleges the City breached a requirement implicit in the collective bargaining agreement to adhere to the City's Civil Service Regulations in making an employment decision with regard to union employees,[27] and he alleges Local 427 breached its duty of fair representation by refusing to prosecute a grievance on his behalf against the City with regard to its employment decision.[28]

But Mr. Mills cannot bring a hybrid claim, as the City is not subject to section 301 of the Act.[29] Mr. Mills concedes the City is not subject to the Act.[30] The conflict cannot be resolved under the Act within our jurisdiction.

### B.   We lack subject matter jurisdiction over the only claim before us.

Mr. Mills concedes he cannot bring a claim under the Act against the City, but asks us to retain jurisdiction over his claim for breach of the collective bargaining agreement and the union's alleged breach of a duty of fair representation. He cannot do so in this Court.

As a public employer in the Commonwealth, the Philadelphia Sanitation Division of the Streets Department's employment disputes are governed by the Public Employees Relation Act ("PERA").[31] The Pennsylvania General Assembly extended collective bargaining rights and employer obligations to public employees in Pennsylvania in 1970.[32] But as the Pennsylvania Commonwealth Court confirmed almost twenty years ago, the employee's sole remedy is to compel arbitration and possibly join the employer:

> [I]n Pennsylvania, as a general rule, an aggrieved public employee has no right to sue his or her employer for breach of a collective bargaining agreement. Under PERA, an action in equity seeking an order to compel arbitration of the underlying grievance is the employee's sole remedy in the courts for the union's breach of its duty of fair representation, and an employer may be joined in such action when joinder is necessary to afford an employee an adequate remedy which will effectuate the parties' collective bargaining agreement and insure compliance with PERA's requirement of mandatory arbitration. There is, however, an exception to this general rule which in limited circumstances allows an equity court to award damages to an aggrieved employee. Such circumstances exist only "where an

employee alleges and shows by specific facts that an employer actively participated in the union's bad faith or conspired with the union to deny the employee his rights under the collective bargaining agreement." [33]

Mr. Mills is not asking to compel arbitration; he alleges a hybrid claim under the Labor Management Relations Act. He admits he cannot pursue a hybrid claim against the City because it is a political subdivisionand excluded from the Act. He now seeks to skip the process required by Pennsylvania law for a grievance. He cannot do so. He must move to compel arbitration if he can do so timely. But he cannot do so in our Court.

State law claims to compel arbitration among non-diverse parties do not fall under our limited jurisdiction.[34] "The burden of establishing federal jurisdiction rests with the party asserting its existence."[35] Mr. Mills cannot do so as a matter of Pennsylvania law governing breach of collective bargaining agreements and duty of fair representation brought by Philadelphia public employees against the City.

### III. Conclusion

Mr. Mills has tried to state a claim against the City three times for its decision to return him from a probationary position to a laborer position based on cited performance issues. We earlier found he did not state a due process or equal protection claim against the City. Consistent with guidance from our Court of Appeals, we provided Mr. Mills and his counsel two opportunities to amend.[36] He cannot do so. The City, as a political subdivision of the Commonwealth, is excluded from the definition of "employer" under the Act and his last claim under the Act is futile. He also cannot sue for breach of contract against the City or for breach of the duty of fair representation against his local bargaining unit. Absent a hybrid claim, the Pennsylvania General Assembly limits his remedy to compelling arbitration in a court with jurisdiction. As Mr. Mills pleads neither a federal question nor establishes diverse citizenship, we lack subject matter

jurisdiction. We grant the City's motion and dismiss Mr. Mills's claims for breach of the collective bargaining agreement.

---

[1] ECF Doc. No. 13 at ¶¶ 8, 20.

[2] *Id.* at ¶¶ 9, 20.

[3] *Id.* at ¶¶ 12, 13, 16.

[4] *Id.* at ¶ 20.

[5] *Id.* at ¶ 22.

[6] *Id.* at ¶ 25. In our May 13, 2020 memorandum granting the City's motion to dismiss the amended complaint, we found, as a matter of law, Mr. Mills does not have a property interest in a probationary position in public employment and dismissed his due process claims against the City with prejudice. *See* ECF Doc. No. 11.

[7] ECF Doc. No. 13 at ¶ 26.

[8] *Id.* at ¶ 27 and Exhibit "E" ( ECF Doc. No. 13-1 at 11) (emphasis in original).

[9] ECF Doc. No. 13 at ¶¶ 28-29.

[10] ECF Doc. No. 1.

[11] ECF Doc. No. 2.

[12] ECF Doc. No. 3.

[13] ECF Doc. No. 5.

[14] ECF Doc. No. 11, 12.

[15] ECF Doc. No. 13. On April 8, 2020, Mr. Mills filed an Affidavit of Service on "AFSCME District Council 22"—a non-party to this action. See ECF Doc. No. 4. In response to the City's motion to dismiss, Mr. Mills stated he intended to file a second amended complaint solely to identify AFSCME Local 427, not AFSCME District Council 33 as the proper defendant. ECF Doc. No. 7, n.1. Mr. Mills then filed a second amended complaint changing the caption without first seeking leave of court. ECF Doc. No. 8. We struck the second amended complaint as non-compliant with Federal Rule of Civil Procedure 15(a) and reminded the parties they could stipulate to further amend or change the name of a defendant. ECF Doc. No. 9. The parties filed a stipulation "Defendant AFSCME District Council 33 in the Amended Complaint shall be changed to Defendant AFSCME Local 427 in the caption of this action and throughout the Amended

---

Complaint." ECF Doc. No. 10. Local 427 signed a waiver of service on July 6, 2020. ECF Doc. No. 18.

[16] ECF Doc. No. 13 at ¶ 31.
[17] *Id.* at ¶¶ 25, 27.

[18] *Id.* at ¶ 32.

[19] When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "[w]e accept as true all allegations in the plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and we construe them in a light most favorable to the non-movant." *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010)). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Our Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679).

[20] ECF Doc. No. 17.

[21] When deciding a motion to dismiss under Rule 12(b)(6), we may only consider the "complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). Mr. Mills references the collective bargaining agreement in his second amended complaint but did not attach the document to his pleading, so we will consider the portion of the collective bargaining agreement attached to the City's motion to dismiss (ECF Doc. No. 14-1). Under the collective bargaining agreement referenced by Mr. Mills in his pleading, "either the Union or the Employee may initiate and pursue the grievance procedures. Only the Union may take a grievance to arbitration."[21] ECF Doc. No. 14-1, at p. 5.

[22] *Felice v. Sever*, 985 F.2d 1221, 1226 (3d Cir. 1993). *See also Harkins v. U.S. Steel Corp.*, 354 F. App'x 698, 703 (3d Cir. 2009) (citations omitted) ("As this case involves both a claim for breach of a collective bargaining agreement against an employer and a claim for breach of the duty of fair representation against the union, it is considered a hybrid claim under Section 301 of the Act. [The plaintiff] cannot prevail against either [his employer] or [the union] on his hybrid claim unless he can prove both that [his employer] violated the collective bargaining agreement and that [the union] breached its duty of fair representation.").

[23] *Id.* (citing *United Parcel Serv., Inc. v. Mitchell*, 451 U.S. 56, 66–67 (1981)).

---

[24] *Johnson v. Laundry Workers LCL 141 & Agents*, 419 F. App'x 146, 148 (3d Cir. 2011).

[25] *Labor Management Relations Act*, 20 WILLISTON ON CONTRACTS § 55:10 (4th ed. 2020).

[26] *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164 (1983) (citing *United Parcel Serv., Inc. v. Mitchell*, 451 U.S. 56, 66-67 (1981) (Stewart, J., concurring in the judgment)).

[27] ECF Doc. No. 13 at ¶ 31.

[28] *Id.* at ¶ 32.

[29] In the Act, Congress defines "[t]he term 'employer' includes any person acting as an agent of an employer, directly or indirectly, but shall not include … any State or political subdivision thereof." 29 U.S.C. §152(2). Under the Supreme Court's test in *NLRB v. Natural Gas Utility District*, "the exemption for political subdivisions under the [Act] is limited to 'entities that are either (1) created directly by the state, so as to constitute departments or administrative arms of the government, or (2) administered by individuals who are responsible to public officials or to the general electorate.'" 402 U.S. 600, 604-05 (1970). This exclusion of political subdivision employers from coverage by the LMRA – such as SEPTA, *Crilly v. Southeastern Pa. Transp. Auth.*, 529 F.2d 1355, 1357 (3d Cir. 1976), and water authorities, *Manfredi v. Hazleton City Auth., Water Dept.*, 793 F.2d 101, 102 (3d Cir. 1986) – is well established in our Circuit. Our Court of Appeals defined our obligation to dismiss. *Id.* As in *Manfredi* and *Crilly*, Mr. Mills is precluded from bringing a claim against the City of Philadelphia under the Act.

[30] ECF Doc. No. 17-2 at 1.

[31] 43 P.S. 1101.101 *et seq.*

[32] Act of July 23, 1970, P.L. 563, No. 195, art. I, § 101 *et seq.*; 43 P.S. § 1101.101 *et seq.*

[33] *Runski v. Am. Fed'n of State, Cnty. and Mun. Emp's, Local 2500,* 598 A.2d 347, 350 (Pa. Commw. 1991), *aff'd sub nom. Runski v. AFSCME, Local 2500*, 642 A.2d 466 (Pa. 1994) (citing *Reisinger v. Com., Dept. of Corrections*, 568 A.2d 1357, 1360 (Pa. Commw. 1990)); *see also Westmoreland Intermediate Unit # 7 v. Westmoreland Intermediate Unit # 7 Classroom Assistants Educ. Support Pers. Ass'n, PSEA/NEA*, 939 A.2d 855, 861 (Pa. 2007) ("If the heart of PERA is Section 401, which recognizes the right of certain public employees to organize for purposes of collective bargaining, 43 P.S. § 1101.401, then its lifeblood is the requirement that labor disputes arising under a collective bargaining agreement be resolved by . . . arbitration. 43 P.S. § 1101.903."); *Best v. United Steel, Paper and Forestry, Rubber, Mfg., Energy, Allied Indus. and Serv. Workers Int'l Union*, No. 1111 WDA 2018, 2019 WL 3992732, at *3 (Pa. Super. Aug. 23, 2019) (citing 43 P.S. § 1101.101) ("The PERA's public policy declaration states that the purpose of the act is to promote orderly and constructive relationships between all public employers and their employees. Consequently, the PERA governs the collective bargaining process between all public employers and public employees.").

[34] 28 U.S.C. §§ 1331, 1332.

---

[35] *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015).

[36] *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002).